UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
CHARLES ONWUAZOMBE,                      :
                       Plaintiff,        :
                                         :
            -v-                          :
                                         :
SCOTT DODRILL, BOP NORTHEAST REGIONAL    :
DIRECTOR; CRAIG APKER, WARDEN FCI        :     07 Civ. 873 (DLC)
OTISVILLE; MICHAEL ROWLEY, UNICOR        :
FACTORY MANAGER; GERARD TOMAINO, BOP     :     OPINION & ORDER
UNIT MANAGER; JOHN GUSHUE, BOP           :
CORRECTIONAL COUNSELOR; PHILLIP          :
ROBERTSON, CORRECTIONAL OFFICER are      :
sued in their individual and official    :
capacities,                              :
                       Defendants.       :
                                         :
-----------------------------------------X

Appearances:

Pro se Plaintiff:
Charles Onwuazombe
Reg. No. 38473-053
FCI Otisville
P.O. Box 1000
Otisville, New York 10963

For Defendants:
Emily E. Daughtry
Special Assistant United States Attorney
86 Chambers Street
New York, New York 10007

DENISE COTE, District Judge:

   Pro se plaintiff Charles Onwuazombe, an inmate at the

Federal Correctional Institution at Otisville ("Otisville"),

brings suit under 42 U.S.C. § 1983, claiming that the defendant

correctional officers violated his constitutional rights by

disciplining him for an offense he did not commit, precluding the exculpatory testimony of a witness at his disciplinary hearing, and excessively punishing him by terminating his employment in the prison. Defendants have moved to dismiss Onwuazombe's complaint, arguing principally that a federal prisoner has no protectable interest in his prison employment and that consequently such inmates have no procedural due process rights in connection with their removal from that employment. Because defendants are correct, their motion to dismiss is granted.

BACKGROUND

The following facts are drawn from the complaint and are assumed to be true, as they must be on a motion to dismiss. Onwuazombe has been incarcerated in federal prison since 1993. In 2000, he was transferred to Otisville and, a year later, he began to work in the prison for UNICOR Industries, a corporation that provides voluntary work opportunities for federal prison inmates. See 28 C.F.R. § 345.10.

On February 6, 2006, defendant Phillip Robertson, a correctional officer, searched the cell that Onwuazombe shared with inmate Mordechai Samet. The cell contained, among other things, four unmarked lockers used by the two inmates to store their personal property. Robertson searched the lockers and found two "stingers," electrical devices repurposed by prisoners

2

to heat hot water or cook food in their cells.  Stingers are contraband under BOP Regulation 305, which prohibits inmates from possessing anything "not authorized for retention, or receipt by the inmate, and not issued to him through the regular channels."

Robertson promptly wrote an incident report charging Onwuazombe with violation of Regulation 305.  On February 7, Onwuazombe was served with a copy of the incident report and advised of his rights.  The following day, Samet informed Onwuazombe that the stingers belong to him, and that they had been found in Samet's locker.  Samet also told Onwuazombe that he was willing to testify to these facts at a disciplinary hearing.  Also on February 8, defendant Michael Rowley, the UNICOR factory manager, sent an email to correctional counselor David Quaadman recommending that if Onwuazombe were to be found guilty of the charge against him, his employment with UNICOR should be terminated.

Onwuazombe's unit disciplinary committee hearing was held on February 9, with Onwuazombe present.  Defendants John Gushue, a correctional counselor, and Gerard Tomaino, Onwuazombe's unit manager, comprised the committee.  Onwuazombe sought to call Samet as a witness, but his request was "summarily denied" by Gushue and Tomaino.  Onwuazombe was found guilty of the charge against him, and his employment with UNICOR was terminated.

Three days after the hearing, Onwuazombe informed defendant Robertson, in Samet's presence, of the latter man's admission that the stingers belonged to him, and that they had been found in his own locker.  Samet confirmed this account to Robertson.  Robertson undertook some "further investigation" and determined that Samet's account was true.  Robertson then informed Tomaino that he had made an error, and that Onwuazombe was in fact innocent of the charge against him.  Tomaino took no action to rescind the disciplinary committee's guilty verdict or to restore Onwuazombe's UNICOR employment.  Robertson also informed Rowley, the UNICOR factory manager, that he believed Onwuazombe was innocent of the charges against him and that his employment with UNICOR should be reinstated.  Rowley told Robertson to submit a memorandum to that effect, but Robertson failed to do so.  Onwuazombe contacted defendant Craig Apker, warden of FCI Otisville,[1] to inform him about Samet's admission.  When Apker asked Tomaino why he had not expunged Onwuazombe's disciplinary record in light of Samet's admission, Tomaino replied that he hadn't received a memo from Robertson memorializing his account of the conversation with Onwuazombe and Samet and his own subsequent investigation.

---

[1]  Apker was replaced as warden on April 23, 2007 by Janice M. Killian.  Pursuant to Federal Rule of Civil Procedure 25(d), Killian is substituted for Apker to the extent Apker is sued in his official capacity.

4

The parties agree that Onwuazombe has exhausted the prison grievance procedures insofar as he attacks the fairness of the February 9 hearing and the appropriateness of terminating his employment as a sanction for his infraction. On February 15, Onwuazombe initiated the administrative review procedure, pursuant to BOP guidelines, to appeal the verdict and punishment meted out by the disciplinary committee. In his appeal to Warden Apker, Onwuazombe complained that he was denied a fair hearing because he was prohibited from calling Samet as a witness, the evidence was insufficient to support the verdict, and discharge from his UNICOR job was an excessive penalty in light of his prior prison behavior and the fact that he remitted to his needy family the money he earned through his job. Warden Apker denied Onwuazombe's appeal. He explained that BOP rules do not require the disciplinary committee to consider requests for witnesses during their proceedings. He further found no evidence that Robertson had "reinvestigated" the incident or found any evidence exculpating Onwuazombe. Finally, he deemed termination of Onwuazombe's UNICOR employment to be an appropriate and permissible sanction.

Onwuazombe appealed Warden Apker's decision to the BOP's Northeast Regional Office, reiterating the arguments made to Warden Apker. Defendant Scott Dodrill, Director of the Northeast Regional Office, rejected his appeal, relying on much

the same grounds as Warden Apker. Dodrill further noted that, under BOP policy, inmates are responsible "for all items in your cell and assigned areas," suggesting that Samet's testimony that the stingers were found in his locker, rather than Onwuazombe's, would not exculpate Onwuazombe. Onwuazombe appealed his claims for the final time to the National Inmate Appeals Administrator ("NIAA"). Observing that there was "specific evidence" in support of the guilty verdict, and that BOP regulations did not require the disciplinary committee to allow Onwuazombe to call witnesses on his behalf, the NIAA rejected his appeal and affirmed the sanction imposed.

The instant lawsuit was commenced on November 24, 2006, with the filing of Onwuazombe's complaint. Defendants moved to dismiss or, in the alternative, for summary judgment, on August 1, 2007. Onwuazombe filed an amended complaint on September 30, and on February 20, 2008, defendants moved to dismiss Onwuazombe's amended complaint.[2]

The amended complaint alleges three causes of action. First, Onwuazombe claims that the BOP guidelines governing the conduct of disciplinary hearings are unconstitutionally vague, and that by enforcing the guidelines, each of the defendants violated his Fifth Amendment rights to due process by failing to

---

[2]  Defendants' August 1 motion to dismiss Onwuazombe's original complaint was denied as moot by Order dated January 22, 2008.

6

provide him with advance notice that he would not be permitted to call a witness at his disciplinary hearing, and by precluding him from calling a witness. Second, he claims that defendant Rowley violated his Fifth Amendment rights by sending the email recommending that his UNICOR employment be terminated. Third, he claims that defendants Tomaino, Apker, Rowley, and Robertson violated his Fifth Amendment rights when they did not act on their knowledge of exculpatory evidence tending to prove his innocence of the infraction charged. All defendants are sued in both their individual and official capacities. Onwuazombe seeks, <u>inter alia</u>, a declaration that his rights were infringed, vacatur of the guilty verdict reached after his disciplinary hearing, reinstatement of his UNICOR employment, back pay, and punitive damages.

Defendants have moved to dismiss, principally on the ground that Onwuazombe failed to state a constitutional violation. In the alternative, they argue that the Court lacks subject matter jurisdiction over Onwuazombe's § 1983 claims against defendants in their official capacities and that the defendants are entitled to qualified immunity.

DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), a trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of

the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). A court must apply a "flexible plausibility standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (citation omitted). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). In deciding the motion, a court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citation omitted).

The gravamen of Onwuazombe's complaint is that he was deprived of his employment with UNICOR as a result of the disciplinary proceedings, in violation of his Fifth Amendment right to due process. "In evaluating due process claims, the

threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution." Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001) (citation omitted). Where a protected interest is identified, the government may not deprive the plaintiff of that interest without due process. Id.

The plaintiff contends that his UNICOR job constituted a protectable property interest. The Constitution itself does not fix the contours of property rights. Accordingly, property rights under the Fifth Amendment are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). To state a deprivation of property claim under the Fifth Amendment, a plaintiff "must have more than a unilateral expectation . . . . He must, instead, have a legitimate claim of entitlement." Id. An interest that can be terminated "at the whim of another person" is not protected by the Due Process Clause. White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1062 (2d Cir. 1993). A court will find there to be a property interest if the relevant statutes and regulations "meaningfully channel [] official discretion by mandating a defined administrative outcome." Sealed v. Sealed, 332 F.3d 51, 56 (2d Cir. 2003). The statutes or regulations, however, must give the plaintiff a "legitimate claim of entitlement" to the benefit and not merely

"a unilateral expectation in a desired administrative outcome." Id. (citation omitted). Where an administrative scheme authorizes a benefit but not does not create an entitlement to it, then no protectable property right has been created. Id.; see also Handberry v. Thompson, 446 F.3d 335, 353 (concluding that New York City inmates do not possess a property interest in particular education conditions).

The BOP regulations governing inmates' employment with UNICOR make clear that Onwuazombe had no property interest in his employment. The regulations are phrased almost entirely in discretionary terms, see 28 C.F.R. § 345.10 et seq., and the regulation governing "Inmate Worker Dismissal" states that the UNICOR supervisor "may remove an inmate from Industries work status in cooperation with the unit team." 28 C.F.R. § 345.42. The statute empowers prison supervisors to terminate the employment of inmates at will, and does not "meaningfully channel" their discretion to do so in a way that would give rise to a legitimate expectation of entitlement, and thus create a property interest. Further, although the regulations outline procedural mechanisms for terminating inmates' employment, "no . . . entitlement can derive from a statute that merely establishes procedural requirements." Watson v. City of New York, 92 F.3d 31, 38 (2d Cir. 1996) (citation omitted).

Accordingly, the statute governing UNICOR employment does not give rise to a constitutionally protected property interest.[3]

Onwuazombe contends that the regulations governing termination of inmate employment are mandatory, and thus confer a property interest on employed inmates. Citing BOP regulations, he argues that "a Unicor employee may only be removed for 'committ[ing] a prohibited act resulting in segregation or disciplinary transfer.'" His argument misstates the regulation, which provides only that, when an inmate is dismissed because he "committed a prohibited act resulting in segregation or disciplinary transfer," the inmate "is also to be dismissed from Industries based on an unsatisfactory performance rating for failure to be at work." 28 C.F.R. § 345.42(c). Indeed, as noted above, the relevant regulation is far broader and more discretionary than Onwuazombe suggests, providing generally that the supervisor "may remove an inmate from Industries work status in cooperation with the unit team," id. § 345.42, and identifying a handful of more particular termination circumstances and outlining pertinent administrative procedures.

---

[3] The Second Circuit has not ruled on this question but other Circuits appear to have uniformly found no constitutionally protected property interest in prison employment. See, e.g., Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49-50 (5th Cir. 1995); James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989); Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982).

Second, Onwuazombe contends that "his arbitrary removal from Unicor employment has worked an atypical and significant hardship on him" because his employment "allowed him to provide some needed support to himself and family." Accordingly, termination of his employment should be regarded as a deprivation of constitutional dimension. The "atypical and significant hardship" language employed by Onwuazombe comes from the Supreme Court's decision in Sandin v. Conner, 515 U.S. 472 (1995), which concerned the alleged deprivation of a prisoner's liberty interests through disciplinary confinement in segregated housing. Indeed, most of the Second Circuit cases that rely on Sandin concern segregated confinement and whether such confinement impinges upon plaintiffs' constitutionally protected liberty interests. See, e.g., Iqbal, 490 F.3d at 160-61; Ortiz v. McBride, 380 F.3d 649, 654-55 (2d Cir. 2004); Palmer v. Richards, 364 F.3d 60, 64-65 (2d Cir. 2004). Here, Onwuazombe suggests that deprivation of his alleged property interest in prison employment worked such an "atypical and significant hardship" on him that it rises to constitutional dimensions. This argument is without merit. Even if the Sandin analysis were to apply to property interests, deprivation of the income earned from prison employment would not impose a hardship of constitutional dimension on a prisoner. A prisoner has no right to prison employment. As discussed above, employment in UNICOR

12

and termination of that employment are discretionary. Termination of such at-will employment is one of the "ordinary incidents of prison life," Sandin, 515 U.S. at 484, and does not impinge on a constitutionally protected property interest.

Finally, Onwuazombe claims that cases holding that prisoners do not have a protected property interest are factually distinguishable from his case. He points specifically to Bulger and James. In those cases, he argues, the inmates' employment was terminated "for reasons that were within the discretion" of prison personnel, whereas his employment was terminated for improper reasons. Neither of the cases Onwuazombe cites, however, supports his argument. In both Bulger and James, the court found that prisoners had no protectable constitutional interest in their prison employment, and thus did not reach the issue of whether they had been accorded due process in their dismissal.[4] Bulger, 65 F.3d at 50; James, 866 F.2d at 630.

Onwuazombe's remaining claims must also be dismissed. Onwuazombe has not opposed defendants' motion to dismiss his

---

[4] To the extent Onwuazombe argues in his opposition to defendants' motion to dismiss that he was deprived of his right to equal protection because, unlike other Otisville inmates, he was dismissed from his jobs for reasons other than those outlined in the UNICOR regulations, that argument fails. First, Onwuazombe's complaint did not allege a cause of action for denial of equal protection. Second, he has not alleged that his employment was terminated on account of any characteristic protected by the Fifth Amendment.

claim that the BOP regulation governing conduct of disciplinary hearings was unconstitutionally vague.  On this basis alone, defendants' motion is granted.  Onwuazombe's claim was without merit, however, because the regulation in question, Bureau of Prisons Program Statement 5270.07, both "give[s] adequate notice" and does not "create[] a threat of arbitrary enforcement."  Farrell v. Burke, 449 F.3d 470, 485 (2d Cir. 2006).  Onwuazombe argues that certain language in Program Statement 5270.07 should be read to suggest that prisoners have a right to call witnesses at disciplinary hearings, regardless of the infraction or potential punishment at issue.  He points to a sentence in the statement stating that disciplinary hearings will be decided with regard to the "greater weight of the evidence" and "not to its quantity nor to the number of witnesses testifying."  This language cannot be read to confer on inmates a right to call their own witnesses at disciplinary hearings.  Indeed, Program Statement 5270.07 specifically states that inmates are entitled "to make a statement and present documentary evidence in the inmate's own behalf," but makes no mention of the inmate's right to call witnesses.  Because no constitutional violation has been stated, the issue of the

officers' qualified immunity need not be addressed.

CONCLUSION

Defendants' February 19, 2008 motion to dismiss is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         April 16, 2008

*signature*

DENISE COTE
United States District Judge

Copies sent to:

| | |
|---|---|
| Charles Onwuazombe<br>38473-053<br>FCI Otisville<br>P.O. Box 1000<br>Otisville, NY 10963 | Emily E. Daughtry<br>Assistant US Attorney<br>US Attorney's Office, SDNY<br>86 Chambers Street<br>New York, NY 10007 |